WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meadows of Wickenburg Incorporated, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> United HealthCare Insurance Company, et al., <br><br> Defendants. | No. CV-20-01285-PHX-SPL <br><br> **ORDER** |

Before the Court is Defendants UnitedHealthCare Insurance Company and United Behavioral Health (collectively, "United")'s Motion to Dismiss (Doc. 14) filed pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). The Motion is fully briefed and ready for consideration. (Docs. 14, 18, 21) For the following reasons, the Motion will be granted.[1]

**I.    BACKGROUND**

This case arises out of a quasi-relationship between the Defendant insurance companies and Plaintiff The Meadows of Wickenburg ("The Meadows"), an addiction and behavioral health treatment facility. Individuals insured by Defendants while receiving treatment at The Meadows are joined as plaintiffs. In the past, The Meadows provided treatment to patients insured by Defendants on an out-of-network basis. (Doc. 1 at ¶8) On November 21, 2019, Defendants halted authorization of treatment of its insured clients at

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

The Meadows. (Doc. 1 at ¶26)

Plaintiffs brought this cause of action on June 29, 2020 (Doc. 1) asserting the following claims: (1) breach of implied contract; and (2) a claim for breach of fiduciary duties under 29 U.S.C. § 1132(a)(3) seeking injunctive and declaratory relief and damages. (Doc. 1 at ¶¶56, 65) The statute giving rise to the claim is part of the Employee Retirement Income Security Act of 1974 ("ERISA"), which governs the administration of employee benefit plans and protects the interests of plan participants and their beneficiaries with uniform guidelines and rules. 29 U.S.C. § 1001 *et seq*. Defendants filed a Motion to Dismiss on August 7, 2020 for failure to state a claim under Rule 12(b)(6). (Doc. 14)

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## III. DISCUSSION

Defendants argue that ERISA preempts Plaintiffs' state-law breach of contract claim. Alternatively, Defendants argue Plaintiffs failed to plead facts that plausibly establish their breach of contract claim. Defendants also argue that Plaintiffs are using the wrong subsection of ERISA to seek relief. The Court will first address the preemption arguments, followed by the ERISA distinctions.

### A. Preemption

"There are two strands of ERISA preemption: (1) express preemption under ERISA

§ 514(a), 29 U.S.C. § 1144(a); and (2) preemption due to a conflict with ERISA's exclusive remedial scheme set forth in ERISA § 502(a), 29 U.S.C. § 1132(a)," the latter of which is known as complete preemption. *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011) (internal quotations omitted). Both strands defeat state-law causes of action on the merits. *Id.* Section 514(a) states that ERISA provisions supersede any and all state laws insofar as they "relate to" any non-exempt ERISA plans. 29 U.S.C. § 1144(a); this is *express* preemption by Congress. The parties agree that the complete preemption doctrine does not apply in this case because it is a way for federal courts to gain jurisdiction over purely state law claims, while here, there is already a federal cause of action. (Doc. 14 at 4, Doc. 18 at 5) As for express preemption, a state law claim "relates to" an ERISA plan if it makes reference to or is connected with an ERISA plan. *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96–97 (1983). However, the "relates to" rule has been narrowed since the *Shaw* decision. Some state actions "may affect [ERISA] plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1009 (9th Cir. 1995) citing *Shaw*, 463 U.S. at 100 n. 21. This Court defined the current "relates to" doctrine as follows: "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or *reference to* such a plan." *Blue Cross of California Inc. v. Insys Therapeutics Inc.*, 390 F. Supp. 3d 996, 1003 (D. Ariz. 2019) (internal citations omitted) (emphasis added). This Court further explained: "A state law demonstrates the forbidden 'reference to' an ERISA plan when it acts immediately and exclusively upon ERISA plans ... or where the existence of ERISA plans is essential to the law's operation. … [I]n determining whether a state law has a 'connection with' an ERISA plan the Ninth Circuit applies a 'relationship test' under which a state law claim is preempted when the claim bears on an ERISA-regulated relationship, e.g., the relationship between plan and plan member, between plan and employer, between employer and employee." *Id.* at 1003–04 (internal citations omitted).

Defendants argue in their Motion that Plaintiffs' breach of implied contract claim

"relates to" United's administration of plans governed by ERISA, and thus the claim is preempted under express preemption. (Doc. 14 at 2) Plaintiffs argue in their Response that the test for which Defendants advocate is too narrow and that the case law Defendants cite is inapplicable to the facts. (Doc. 18 at 8–12) However, Plaintiffs cite to outdated case law, and recently courts have more broadly applied ERISA preemption, as the Court explains below. Furthermore, although the cases cited in the Motion may not be directly analogous, there is an on-point case in the Central District of California in which the court applied the above preemption scheme to an out-of-network provider much like The Meadows. In that case, the claim alleged that the "Plan" (the defendant) "breached an implied contract when it veered from its prior course of conduct and ceased making payments for medical services rendered by the providers." *Delgado v. ILWU-PMA Welfare Plan*, No. 2:18-CV-5539 CBM, 2018 WL 8014336, at *2 (C.D. Cal. Nov. 20, 2018). The court applied the "relationship test" and found "[t]his claim has an *impermissible connection* with the ERISA plan because it is, in fact, a claim for unpaid ERISA plan benefits. It is masked as a state law claim because ERISA does not authorize providers to sue for unpaid benefits." *Id.* (emphasis added). The Plan had consistently authorized and paid claims to the provider then stopped doing so, and plaintiff brought suit effectively to collect on those claims. The court found no independent basis for the implied contract claim aside from the ERISA plan and preempted the claim. *Id.* at *2–3. Here, the facts are the same. The claim has an "impermissible connection" with the ERISA plan because it is being brought by an out-of-network provider seeking damages for unpaid medical care from an ERISA plan based on a previous pattern of payment. Under the relationship test, the claim is preempted.

## B. ERISA distinctions

ERISA § 502(a)(3) allows a participant, beneficiary, or fiduciary of an ERISA plan "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 USC § 1132(a)(3). ERISA § 502(a)(1)(B) allows a participant or beneficiary of an ERISA

plan "to *recover benefits* due to him under the terms of his plan, to *enforce his rights* under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 USC § 1132(a)(1)(B) (emphasis added). One of the differences between the two is that ERISA § 502(a)(3) provides only equitable relief and ERISA § 502(a)(1)(B) provides monetary or equitable relief.

Defendants argue that ERISA § 502(a)(1)(B) is the proper avenue for relief for Plaintiffs' claims and that because it provides an "adequate legal remedy" for them, the equitable claims brought under ERISA § 502(a)(3) should be dismissed. (Doc. 14 at 12) Plaintiffs argue that because the primary remedies they seek are injunctive and declaratory relief, the claim goes beyond the remedy provided in ERISA § 502(a)(1)(B), and thus ERISA § 502(a)(3) is the proper subsection under which to bring this claim. (Doc. 18 at 17) Plaintiffs concede that to the extent the individual plaintiffs seek monetary relief (payment of their out-of-pocket treatment expenses.), the claim could be brought under ERISA § 502(a)(1)(B). (Doc. 18 at 17–18) Plaintiffs seek leave to amend their complaint to reflect that distinction if the claim is dismissed. (Doc. 18 at 18) The Court agrees that monetary relief is improper under ERISA § 502(a)(3).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 20) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiffs' implied breach of contract claim is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' ERISA claim is **dismissed without prejudice**. Plaintiffs have **14 days** from the date of this order to file an amended complaint.

Dated this 27th day of October, 2020.

Honorable Steven P. Logan
United States District Judge